UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| MELVIN LEE SATCHER, | ) | No. ED CV 14-00989-RT (VBK) |
| | ) | |
| Petitioner, | ) | ORDER ACCEPTING FINDINGS AND |
| | ) | RECOMMENDATIONS OF UNITED STATES |
| v. | ) | MAGISTRATE JUDGE |
| | ) | |
| GARY SWARTHOUT, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Pursuant to 28 U.S.C. §636, the Court has reviewed the Petition for Writ of Habeas Corpus ("Petition"), the records and files herein, and the Report and Recommendation of the United States Magistrate Judge ("Report"). Further, the Court has engaged in de novo review of those portions of the Report to which Petitioner has objected.

//

//

//

//

//

//

//

1    **IT IS ORDERED** that: (1) the Court accepts the findings and

2  recommendations of the Magistrate Judge, and (2) the Court declines to

3  issue a Certificate of Appealability ("COA").[1]

4



5

6  DATED: <u>January 19, 2016</u>    _____

7                                    BEVERLY REID O'CONNELL
                                     UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14  _____

15      [1]    Under 28 U.S.C. §2253(c)(2), a Certificate of Appealability
    may issue "only if the applicant has made a substantial showing of the
16  denial of a constitutional right." Here, the Court has accepted the
    Magistrate Judge's finding and conclusion that the Petition is
17  unexhausted. Thus, the Court's determination of whether a Certificate
    of Appealability should issue here is governed by the Supreme Court's
18  decision in <u>Slack v. McDaniel</u>, 529 U.S. 473, 120 S. Ct. 1595 (2000),
    where the Supreme Court held that, "[w]hen the district court denies
19  a habeas petition on procedural grounds without reaching the
    prisoner's underlying constitutional claim, a COA should issue when
20  the prisoner shows, at least, that jurists of reason would find it
    debatable whether the petition states a valid claim of the denial of
21  a constitutional right and that jurists of reason would find it
    debatable whether the district court was correct in its procedural
22  ruling." 529 U.S. at 484. As the Supreme Court further explained:
23      "Section 2253 mandates that both showings be made before the
        court of appeals may entertain the appeal. Each component
24      of the § 2253(c) showing is part of a threshold inquiry, and
        a court may find that it can dispose of the application in
25      a fair and prompt manner if it proceeds first to resolve the
        issue whose answer is more apparent from the record and
26      arguments." <u>Id</u>. at 485.
27      Here, the Court finds that Petitioner has failed to make the
    requisite showing that "jurists of reason would find it debatable
28  whether the district court was correct in its procedural ruling."